**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
KEVIN BARNES,                       :
                                    :   Civ. Action No. 17-13529(RMB)
            Petitioner              :
                                    :
       v.                           :   **OPINION**
                                    :
                                    :
WARDEN DAVID ORTIZ,                 :
                                    :
            Respondent              :
_____ :

**BUMB**, District Judge

   Petitioner, Kevin Barnes, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on December 22, 2017. (Pet., ECF No. 1.) Petitioner paid the filing fee for this action on January 23, 2018.

   Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable here pursuant to Rule 1(b) scope of the Rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court will dismiss the petition.

I. BACKGROUND

Petitioner alleges the following facts in support of his petition for habeas relief. (Mem. of Law in Supp. of Pet'r Pro Se Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet'r Mem." ECF No. 1-4.) Case Manager Masters misapplied a Public Safety Factor to Petitioner without considering Petitioner's impeccable prison conduct, and his completion of RDAP, GED and other courses. (Id. at 3.) Petitioner is precluded from transfer to a minimum security prison based on his Public Safety Factor. (Id.)

II. DISCUSSION

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
>     . . .
>
>     (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . .

Thus, to obtain relief under § 2241, a petitioner must establish that he is in custody in violation of the Constitution or laws or treaties of the United States. There is no due process right to any particular security classification. Marti v. Nash,

227 F. App'x 148, 150 (3d Cir. 2007) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Perez v. Federal Bureau of Prisons, 229 F. App'x 55, 58 (3d Cir. 2007) ("changes in security classifications … are ordinary incidents of prison confinement [and] do not implicate a liberty interest protected by the Due Process Clause") (citing Asquith v. Dep't of Corrections, 186 F.3d 407, 410 (3d Cir. 1999); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)). Thus, the Court lacks jurisdiction under § 2241 because federal habeas relief is unavailable.

III. CONCLUSION

For the reasons discussed above, the Court dismisses Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.

An appropriate Order follows.


Dated:  March 5, 2018

                                  s/Renée Marie Bumb
                                  **Renée Marie Bumb**
                                  **United States District Judge**